Salim Khawaja, Esq. (CA State Bar No. 167650)
salim@salimlaw.com
Law Offices of Salim Khawaja, APC
1010 Second Avenue, Suite 1750
San Diego, CA 92101
Telephone:   (619) 685-5300
Facsimile:    (619) 685-5344

Jeremy R. Wilson
jeremy@wtlfirm.com
WILSON TROSCLAIR & LOVINS, P.L.L.C.
302 N. Market Street, Suite 510
Dallas, Texas 75202
Telephone: (214) 484-1930
Facsimile: (214) 276-1475

Majed Nachawati
mn@fnlawfirm.com
FEARS | NACHAWATI LAW FIRM
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| | CASE NO. CV 11-02230 HRL |
| | **COMPLAINT – CLASS ACTION** |
| MARITSA URIAS and STAN HINES on Behalf of Themselves and All Others Similarly Situated<br><br>        Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.<br><br>        Defendants. | **JURY TRIAL DEMAND**<br>  **(1)** **Violation of CFAA, 18 U.S.C. § 1030;**<br>  **(2)** **Violation of CLRA, Civ. Code § 1750,** *et seq.***;**<br>  **(3)** **Violation of California's Computer Crime Law, Penal Code § 502,** *et seq.***;**<br>  **(4)** **Violation of Bus. and Profs. Code § 17200,** *et seq.***;**<br>  **(5)** **Trespass;**<br>  **(6)** **Conversion;**<br>  **(7)** **Unjust Enrichment; and**<br>  **(8)** **Negligence** |

On behalf of themselves and all others similarly situated, Plaintiffs, sue GOOGLE, INC., and in support thereof, state:

This is a class action. Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals.

## I.

## SUMMARY OF THE CASE

1.   This lawsuit involves Google's improper and illegal use of mobile device applications ("Apps") to obtain personal information of users of Android equipped devices.  This action also includes Google's failure to warn of and stop third parties engagement in the same practice and its failure to enable users to have sufficient controls to block access to this information.  The information at issue includes the mobile device's unique ID number in combination with other data such as the user's location data.  Google acts as both the mobile device operating system provider as well as an advertising provider for Applications ("Apps") operating on mobile devices.  Through its role as an advertising provider, Google causes Apps to send it extremely valuable location data along with a unique ID for the device itself.  This is done without Plaintiffs' consent and in violation of their legal rights.  Google also fails to adequately warn device owners that it, as well as other third party advertisers, is obtaining Plaintiff's sensitive, personal information.  Plaintiffs bring this lawsuit to rectify this wrong being systematically perpetrated upon them.

## II.

## INTRADISTRICT ASSIGNMENT

1.   Defendant Google, Inc.'s principle executive offices and headquarters are located in this District at 1600 Amphitheatre Parkway, Mountain View, California 94043 Mountain View, California 95014.  Intra-district assignment to the San Jose Division is proper.

### III.

### PARTIES

2.      Plaintiff, STAN HINES, is a resident of Arlington in Tarrant County, Texas. At all times relevant to this action, Plaintiff HINES has owned a mobile device using Google's Android operating system and has had Apps loaded on that device which transmit his location and unique ID information to Google through its advertising arms.

3.      Plaintiff MARITSA URIAS is a resident of Dallas, Texas.  At all times relevant to this action, Plaintiff URIAS has owned a mobile device using Google's Android operating system and has had Apps loaded on that device which transmit his location and unique ID information to Google through its advertising arms.

4.      Defendant, GOOGLE, INC. ("Google"), is a Delaware Corporation with its principal place of business in Mountain View, California.  Google provides the Android operating system for many popular mobile computing devices.  Google also provides advertising services to App developers running Apps on mobile devices using Google's Android operating system.

### IV.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (federal diversity jurisdiction), as one or more members of the proposed class are residents of a different state from Defendant and the amount in controversy likely exceeds the jurisdictional amount required by that code section. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), as it involves allegations of violation of federal law. This Court has pendent jurisdiction of all alleged state law claims.

6.      Venue is appropriate in this District because Defendant Google, as

well as certain members of the proposed class, are residents of this District and Defendant has committed torts within the Northern District of California.

## V.

## STATEMENT OF FACTS

7.     This is a consumer Class Action lawsuit pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

8.     The basis for Plaintiffs' claims rest on Defendant's use of an intrusive tracking scheme implemented through the use of mobile device Apps operating on Google's Android operating system.

9.     With features more like a laptop than a mobile phone, today's mobile computing devices enable millions of mobile phone users to more effectively and more intuitively access the Internet and perform the computer functions that have become increasingly important in today's world.  In addition, today's mobile devices feature numerous games and other forms of entertainment for their users.

10.     Unlike most earlier mobile phones, today's mobile devices, including those using Google's Android operating system, allow users to install after-market programs, called Apps, onto their mobile device. Apps are computer programs that users can download and install on their mobile computer devices.

11.     Apps allow users, such as Plaintiffs, to customize their mobile devices to perform functions other than those that the phones could perform when they were initially sold to the consumers.

12.     Google's Android operating system has been a huge commercial success.  Approximately 350,000 new mobile devices activate Google's Android operating system every day.   Thus, Google, has obtained a remarkable reach for its products

13.     The use of mobile Apps on Defendant Google's Android mobile

phone operating system has also been a huge success. To date, over 3,000,000,000 Apps have been installed on Android devices.

14.    Thanks in part to the Google's tremendous commercial success, mobile devices using Google's Android operating system are now used by many consumers in almost all facets of their daily lives, from choosing a restaurant, to making travel arrangements, to conducting bank transactions. Most consumers carry their mobile devices with them everywhere they go. While this convenience is valuable to consumers, so is the information that consumers put into their mobile devices.

15.    Because Apps are software that users, such as Plaintiffs, download and install on their mobile device (which is a hand-held computer), Apps have access to a huge amount of information about a mobile device user.  Apps can have access to such items as a mobile device's contacts list, username and password, and perhaps most importantly—the user's location information. Plaintiffs in this action consider the information on their phone to be personal and private information.   Plaintiffs in this action also consider their location information to be personal and private information.

16.    All of this information, however, is of extreme interest to advertising networks, including Google.   This information is also highly valuable. Considering that mobile advertising is projected to be $1.5 billion a year industry by 2016, advertisers, website publishers, and ad networks are seeking ways to better track their web users and find out more about them.  The ultimate goal of many advertising networks is to ascertain the identity of particular users so that advertisements can be tailored to their specific likes and dislikes.   If that information is combined with a users' location, highly specific ads can be tailored specifically to that individual.   Advertisers are willing to pay advertising

networks significantly more if those networks can assure them that their ads will be shown to people more likely to find them of interest.

17. Browser cookies are the traditional method used by advertisers to track web users' activities. But browser cookies have a large hurdle when it comes to an advertiser's ability to track a viewer – users often delete them because they do not want advertising companies to have information about them.

18. Defendant, however, has found its solution – the unique ID assigned to each mobile device using Google's Android operating system.  These unique mobile device identifiers are an example of a computing device ID generally known as a global unique identifier ("GUID"). A GUID is a string of electronically readable characters and/or numbers that are stored in a particular device or file (e.g., piece of hardware, copy of software, database, user account) for purposes of subsequently identifying the device or file. Thus, a GUID is similar to a serial number in that it is so unique that it reliably distinguishes the particular device, software copy, file, or database from others, regardless of the operating environment.

19. Because this identifier is unique to each individual mobile device, it is an attractive feature for Defendant and other advertisers looking for a means of reliably tracking mobile device users' online activities.  Because the unique mobile device identifier is not alterable or deletable by a user, some have referred to it as a "supercookie." While not technically correct (because the unique identifier is on the mobile device from the time the device first boots up), this description aptly summarizes the desirability of access to the unique identifier from an advertising perspective.

20. Unique mobile device identifiers are concerning for several reasons. First, unlike with desktop computers, mobile devices travel most everywhere with the user. Also, mobile devices tend to be unique to an individual. While someone

might borrow someone's mobile device briefly, it is unusual for individuals to frequently trade mobile devices with someone they know.

21.    Furthermore, unlike a desktop computer, today's mobile devices come equipped with the tools necessary to determine their geographic location. Thus, being able to identify a unique device, and combining that information with the devices' geographic location, gives Google a huge amount of information about the user of a mobile device. From the perspective of Google and other advertisers engaged in surreptitious tracking, this is a perfect means of tracking mobile device users' interests and likes on the Internet.

22.    As mentioned above, Google plays a dual role in the area of mobile devices running its Android operating system.  Not only does Google provide the Android operating system for Plaintiffs mobile devices, Google also acts as an advertisement placement service.

23.    It is in the capacity as an advertisement provider that The *Wall Street Journal*, as reported in the article "Your Apps Are Watching You," Scott Thurm and Yukari Iwatani Kane (December 18, 2010) independently confirmed that numerous Apps running on the Android operating system systematically transmit their owners' location information and unique device ID directly to Google as well as other third party advertisement providers..

24.    Google, in order to obtained information to target ads to specific individuals was receiving information directly from Apps running on Android enabled mobile devices.  This information included Plaintiffs' device's unique ID as well as detailed location data about the user.

25.    Furthermore, despite the fact that Google had a duty to do so, it failed to take reasonable measures to stop other third party advertising companies from engaging in similar acts.  As the provider of Android operating system, Google has complete control over which Apps can be installed on mobile devices

using Android. Google also had control over the attributes of Apps running on the Android platform. Google failed to act in a reasonable manner to enable users to prevent advertising companies to have access to users' unique device ID. Google also failed to act reasonably in requiring advertising companies from gaining access to this data, or to at least require that those companies adequately inform users of this practice.

26. Plaintiffs herein had Apps installed on their mobile devices at all times relevant to this action. Those Apps were among the Apps through which Google and other advertising companies collected Plaintiffs' personal information, including their unique device ID and location information.

27. Defendant's polices do not adequately disclose this practice and do not provide sufficient information to allow consumers to provide an informed consent to Defendant's actions. Defendant's polices also do not adequately disclose that Defendant fails to take reasonable measures to prevent the transmission of this sensitive information to third parties.

28. Plaintiffs and members of the proposed class were harmed by Defendant's actions in that their personal, private information was obtained without their knowledge or consent. Plaintiffs and members of the proposed class were harmed in that their personal property–their computer–was hijacked by Defendant and turned into a device engaged in spy games.

29. Plaintiffs' valuable device ID information, demographic information, location information, as well as their application usage habits is a valuable commodity that they could have sold to research firms. Plaintiffs also consider this information to be personal and private. Such information was taken from them without their knowledge or consent. By making this information less scarce, Defendant has impaired the value of that data. Furthermore, by taking this data without Plaintiffs' knowledge or consent, Defendant has unilaterally raised the

price of its products to Plaintiffs by requiring them, against their will, to provide additional compensation for the use of Defendants' products and services.  This valuable information provided to Defendant also unjustly enriches Defendant. Plaintiffs should be compensated for this harm.   Plaintiffs are entitled to compensation for this invasion of their privacy and restitution of the value and benefits unjustly conferred upon Defendant.

30.    Plaintiffs' property rights were also invaded in that Defendant's actions constitute an unwarranted intrusion into Plaintiffs' private lives.  Plaintiffs have an interest in keeping information about them private.  The common law recognizes this right as in the nature of a property right which is to be protected. By obtaining information from Plaintiffs that they wished to keep private, Defendant has violated this right and continues to do so.

31.    Plaintiffs and members of the class are also harmed in that the computing resources of their devices (including battery life) are diminished.

32.    Defendant is liable to Plaintiffs for violation of their statutory and common-law rights.

33.    Plaintiffs and members of the proposed class bring this action to redress this illegal and intrusive scheme designed by Defendant to intrude into their personal lives and collect personal information about them.

34.    Plaintiffs seek damages for their injuries, an injunction to protect those not yet harmed by these illegal activities, and, where legally available, attorneys' fees and other costs associated with the bringing of this action.

## VI.

## CLASS ACTION ALLEGATIONS

35.    Pursuant to Fed. R. Civ. P. 23(b)(3), and 23(b)(2) Plaintiffs bring this action on behalf of themselves, and all others similarly situated, as

representatives of the following class (the "Class"):

Each and every individual in the United States of America who has owned a mobile device using Google Android operating system and who has installed an App sending location and unique device ID information to Google in the four years preceding the filing of this lawsuit (the "Class").

Excluded from the class are Defendants as well as all employees of this Court, including, but not limited to, Judges, Magistrate Judges, clerks and court staff and personnel of the United States District Courts of the Northern District of California, the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court; their spouses and any minor children living in their households and other persons within a third degree of relationship to any such Federal Judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit. Also excluded from the class are any attorneys or other employees of any law firms hired, retained and/or appointed by or on behalf of the named Plaintiffs to represent the named Plaintiffs and any/or any proposed class members or proposed class in this lawsuit.

Furthermore, to the extent that undersigned counsel has any legal interest to damages or other monetary relief, or other relief due to the putative class (or any other rights as potential putative class members), arising as a result of the causes of action asserted in this litigation, such interest is hereby disclaimed by undersigned counsel.

36.   The requirements of Fed. R. Civ. P. 23 are met in this case. The Class, as defined, is so numerous that joinder of all members is impracticable. Although discovery will be necessary to establish the exact size of the class, it is likely, based on the nature of Defendants' businesses, that it numbers in the millions.

37.   There are questions of fact and law common to the Class as defined, which common questions predominate over any questions affecting only individual members. The common questions include:

a.     whether Defendants, as a regular practice, obtained and disseminated the class' personally identifiable information, including location data and unique device ID information without their knowledge and consent, or beyond the scope of their consent;

b.   whether Defendants failed to disclose material terms regarding the collection and dissemination of the class' personally identifiable information;

c.   what use was made of the class' personally identifiable information, including whether and to whom the information was sold for a profit;

d.   whether Defendants used  Apps to collect Plaintiffs' unique device ID, location, and/or other personal information; and

e.   whether Plaintiffs' personally identifiable information was used to track their activities including their location.

f.   whether Defendant had a duty to warn Plaintiffs of the actions of third parties of using Apps to collect information about them;

g.   whether Defendant had a duty to prevent third parties from collecting information about Plaintiffs; and

h.   whether Defendant violated these duties causing harm to Plaintiffs.

38.   Plaintiffs can and will fairly and adequately represent and protect the interests of the Class as defined and have no interests that conflict with the interests of the Class. This is so because:

a.   All of the questions of law and fact regarding the liability of the Defendants are common to the class and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of the Defendants to all class members;

b.   Without the representation provided by Plaintiffs, it is unlikely that any class members would receive legal representation to obtain the remedies specified by relevant statutes and the common law;

c.   Plaintiffs have retained competent attorneys who are experienced in the conduct of class actions. Plaintiffs and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the class members and are determined to diligently discharge those duties to obtain the best possible recovery for the Class.

39.   Defendants' actions have affected numerous consumers in a similar way. The class action is superior to any other method for remedying Defendant's actions given that common questions of fact and law predominate. Class

treatment is likewise indicated to ensure optimal compensation for the Class and limiting the expense and judicial resources associated with thousands of potential claims.

## COUNT I – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

40.     Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

41.     By accessing and transmitting Plaintiffs' unique mobile device identifier and location data on the computers of Plaintiffs and members of the class, Defendant has accessed Plaintiffs' computers, in the course of interstate commerce and or communication, in excess of the authorization provided by Plaintiffs as described in 18 U.S.C. § 1030(a)(2)(C).

42.     Defendant violated 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing Plaintiffs' and members of the class' computers without authorization and or by exceeding the scope of that authorization.

43.     Plaintiffs' computers, and those of the class, are protected computers pursuant to 18 U.S.C. § 1030(e)(2)(B).

44.     Defendant thus further violated the Act by causing the transmission of a program, information, code or command and as a result causing harm aggregating at least $5,000 in value.

45.     Defendant's actions were knowing and or reckless and, as outlined above, caused harm to Plaintiffs and members of the proposed class.

46.     Plaintiffs seek recovery for this loss, as well as injunctive relief, to prevent future harm.

## COUNT II – CONSUMER LEGAL REMEDIES ACT, CAL. CIV. CODE § 1750, *ET SEQ*.

47.     Plaintiffs incorporate the above allegations by reference as if set

forth herein at length.

48.   In violation of Civil Code section 1750, *et seq*. (the "CLRA"), Defendant has engaged in and is engaging in unfair and deceptive acts and practices in the course of transactions with Plaintiffs, and such transactions are intended to and have resulted in the sales of services to consumers. Plaintiffs and the Class members are "consumers" as that term is used in the CLRA because they sought or acquired Defendant's good or services for personal, family, or household purposes. Defendant's past and ongoing acts and practices include but are not limited to:

a)   Defendant's representations that their services have characteristics, uses, and benefits that they do not have, in violation of Civil Code § 1770(a)(5);

b)   Defendant's representations that its services are of a particular standard, quality and grade but are of another standard quality and grade, in violation of Civil Codes § 1770(a)(7); and

c)   Defendant's advertisement of services with the intent not to sell those services as advertised, in violation of Civil Code § 1770(a)(9).

49.   Defendant's violations of Civil Code § 1770 have caused damage to Plaintiffs and the other Class members and threaten additional injury if the violations continue. This damage includes the losses set forth above.

50.   At this time, Plaintiffs seek only injunctive relief under this cause of action. Pursuant to California Civil Code, Section 1782, Plaintiffs will notify Defendant in writing of the particular violations of Civil Code, Section 1770 and demand that Defendant rectify the problems associated with their behavior detailed above, which acts and practices are in violation of Civil Code § 1770.

51.   If Defendant fails to respond adequately to Plaintiffs' above

described demand within thirty (30) days of Plaintiffs' notice, pursuant to California Civil Code, Section 1782(b), Plaintiffs will amend the complaint to request damages and other relief, as permitted by Civil Code, Section 1780.

### COUNT III - California's Computer Crime Law, Cal. Penal Code § 502

52.    Plaintiffs incorporate the above allegations by reference as if set forth herein at length.

53.    Plaintiffs assert this claim against the Defendant named herein in this complaint on behalf of themselves and the Class.

54.    The California Computer Crime Law, California Penal Code § 502, referred to as "CCCL" regulates "tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems."

55.    Defendant violated California Penal Code § 502 by knowingly accessing, copying, using, made use of, interfering, and or altering, data belonging to Plaintiff and Class members: (1) in and from the State of California; (2) in the home states of the Plaintiffs; and (3) in the state in which the servers that provided the communication link between Plaintiffs and the websites they interacted with were located.

56.    Pursuant to California Penal Code § 502(b)(1), "Access means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network."

57.    Pursuant to California Penal Code § 502(b)(6), "Data means a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device."

58.    Defendant has violated California Penal Code § 502(c)(1) by knowingly accessing and without permission, altering, and making use of data

from Plaintiffs' computers in order to device and execute business practices to deceive Plaintiffs and Class members into surrendering private electronic communications and activities for Defendant's financial gain, and to wrongfully obtain valuable private data from Plaintiffs.

59.    Defendant has violated California Penal Code § 502(c)(2) by knowingly accessing and without permission, taking, or making use of data from Plaintiffs' computers.

60.    Defendant has violated California Penal Code § 502(c)(3) by knowingly and without permission, using and causing to be used Plaintiffs' computer services.

61.    Defendant has violated California Penal Code § 502(c)(6) by knowingly and without permission providing, or assisting in providing, a means of accessing Plaintiffs' computers, computer system, and or computer network.

62.    Defendant has violated California Penal Code § 502(c)(7) by knowingly and without permission accessing, or causing to be accessed, Plaintiffs' computer, computer system, and or computer network.

63.    California Penal Code § 502(j) states: "For purposes of bringing a civil or a criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction."

64.    Plaintiffs have also suffered irreparable injury from these unauthorized acts of disclosure, to wit: their personal, private, and sensitive electronic data has obtained and used by Defendant.  Due to the continuing threat of such injury, Plaintiffs have no adequate remedy at law, entitling Plaintiffs to injunctive relief.

65.    Plaintiff and Class members have additionally suffered loss by

reason of these violations, including, without limitation, violation of the right of privacy.

66.    As a direct and proximate result of Defendant's unlawful conduct within the meaning of California Penal Code § 502, Defendant has caused loss to Plaintiffs in an amount to be proven at trial. Plaintiffs are also entitled to recover their reasonable attorneys' fees pursuant to California Penal Code § 502(e).

67.    Plaintiffs and the Class members seek compensatory damages, in an amount to be proven at trial, and injunctive or other equitable relief.

### COUNT IV – Unfair Competition Law, Cal. Bus. & Prof. Code § 17200

68.    Plaintiffs incorporate the above allegations by reference as if set forth herein at length.

69.    In violation of California Business and Professions Code § 17200 *et seq.*, Defendant's conduct in this regard is ongoing and includes, but is not limited to, unfair, unlawful and fraudulent conduct.

70.    By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of the UCL and, as a result, Plaintiffs and the Class have suffered injury-in-fact and have lost money and or property—specifically personal information.

71.    Defendant's business acts and practices are also unlawful in that they violate the California Consumer Legal Remedies Act, California Civil Code, Sections 1647, *et seq.*, 1750, *et seq.*, and 3344, California Penal Code, section 502, California Penal Code, section 637.7, and Title 18, United States Code, Section 1030. Defendants are therefore in violation of the "unlawful" prong of the UCL.

72.    Defendant's business acts and practices are unfair because they cause harm and injury-in-fact to Plaintiffs and Class members and for which Defendant has no justification other than to increase, beyond what Defendant

would have otherwise realized, their profit in fees from advertisers and their information assets through the acquisition of consumers' personal information. Defendant's conduct lacks reasonable and legitimate justification in that Defendant has benefited from such conduct and practices while Plaintiffs and the Class Members have been misled as to the nature and integrity of Defendant's services and have, in fact, suffered material disadvantage regarding their interests in the privacy and confidentiality of their personal information. Defendant's conduct offends public policy in California tethered to the Consumer Legal Remedies Act, the state constitutional right of privacy, and California statutes recognizing the need for consumers to obtain material information that enables them to safeguard their own privacy interests, including California Civil Code, Section 1798.80.

73. In addition, Defendant's modus operandi constitutes a sharp practice in that Defendant knew, or should have known, that consumers care about the status of personal information and email privacy but were unlikely to be aware of the manner in which Defendant failed to fulfill their commitments to respect consumers' privacy. Defendant is therefore in violation of the "unfair" prong of the UCL.

74. Defendant's acts and practices were fraudulent within the meaning of the UCL because they are likely to mislead the members of the public to whom they were directed.

## COUNT V – TRESPASS TO PERSONAL PROPERTY

75. Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

76. By obtaining unique mobile device identifiers and location data from Plaintiffs' and members of the Class' computers without their consent or knowledge, Defendant has improperly exercised dominion and control over

Plaintiffs' and members of the Class' personal property – their computer.

77.    Defendant's actions were done knowingly and intentionally.

78.    Defendant's actions caused harm to Plaintiffs and members of the proposed class, as described above.

79.    Plaintiffs and the proposed class seek damages for this harm as well as injunctive relief to remedy this harm.

## COUNT VI – UNJUST ENRICHMENT/RESTITUTION

80. Plaintiffs incorporate the above allegations by reference as if set forth herein at length.

81. Defendant has improperly and illegally profited from the obtainment and or sale of Plaintiffs' and members of the class' personal private data. Defendant's actions have been done knowingly and secretively with the intent that Plaintiffs not realize what was being done.

82. These actions constitute violations of both statutory as well as common law obligations as outlined above.

83. Defendant's actions caused harm to Plaintiffs and members of the proposed class.

84. Plaintiffs and the proposed class seek damages for this harm as well as injunctive relief to remedy this harm.

85. Defendant should not, in equity, be allowed to retain their ill begotten gains. Plaintiffs therefore seek recovery under the equitable theory of unjust enrichment/restitution.

## COUNT VII – COMMON LAW CONVERSION/INVASION OF PRIVACY

86.    Plaintiffs incorporate the above allegations by reference as if set forth herein at length.

87.     Plaintiffs have privacy rights under California Constitution and Statutes regarding their personal information and property.  Defendant has taken Plaintiffs' property in the form of information about them that is private and personal.

88.     Plaintiffs have been harmed by this exercise of dominion and control over their information.

89.     Defendant has also unlawfully intruded upon the rights of Plaintiffs to keep information about them private. Defendant's actions constitute an invasion of Plaintiffs' rights and have cause Plaintiffs' harm as outlined above.

90.     Defendant's actions have caused Plaintiffs and continue to cause Plaintiffs significant consternation, stress, anxiety, upset, and emotional distress, entitling Plaintiffs to general damages associated with said emotional distress.

91.     Plaintiffs bring this lawsuit seeking recovery for their damages and appropriate injunctive relief.

## COUNT VIII:  NEGLIGENCE

92.     Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

93.     Defendant had a duty to exercise reasonable care in preventing the transmission of Plaintiffs' personal information to third parties.

94.     As outlined above, Defendant failed to take adequate reasonable steps to ensure that Plaintiffs were adequately advised that their persona information was being transmitted to third parties.  Defendant also failed to take adequate steps to implement procedures whereby Plaintiffs could restrict access to their personal information.

95.     As a direct and proximate result of Defendant's actions, Plaintiffs were harmed.

96.   Plaintiffs seek damages for this harm as well as appropriate injunctive relief.


Respectfully submitted,


Dated: May 5, 2011                          By: _____/s/_____
                                            Salim Khawaja, Esq., attorney for plaintiffs

                                            WILSON TROSCLAIR & LOVINS,
                                            P.L.L.C.

                                            Jeremy R. Wilson
                                            State Bar No. 24037722
                                            302 N. Market St., Suite 510
                                            Dallas, Texas 75202
                                            Telephone: (214) 484-1930
                                            Facsimile: (214) 276-1475

                                            ATTORNEYS FOR PLAINTIFFS
                                            (pro hac vice application pending)


                                            FEARS │ NACHAWATI LAW FIRM

                                            Majed Nachawati
                                            State Bar No. 24038319
                                            mn@fnlawfirm.com
                                            4925 Greenville Ave, Suite 715
                                            Dallas, Texas 75206
                                            Telephone: (214) 890-0711
                                            Facsimile: (214) 890-0712

# DECLARATION OF SALIM KHAWAJA

I, Salim Khawaja, hereby declare on oath as follows:

1.      I am an attorney licensed to practice law in the state of California.  I am over the age of 18 years and I have personal knowledge of the matters attested to herein.  If called upon to testify, I would and could competently do so.

2.      I make this declaration pursuant to California Civil Code section 1780(c) on behalf of my clients, Plaintiffs MARITSA URIAS and STAN HINES on behalf of themselves and all others similarly situated.

3.      Defendant Google, Inc. is a Delaware Corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Dated this 5th day of May at San Diego, California.

_____/s/_____
Salim Khawaja

1

2                              **DEMAND FOR JURY TRIAL**

3              Plaintiffs request a trial by jury.

4

5

6

7    Dated: May 5, 2011                    By: _____/s/_____
                                           Salim Khawaja, Esq., attorney for plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28